# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**UNITED STATES OF AMERICA**                          **PLAINTIFF**

v.                      **CRIMINAL ACTION NO. 3:18-CR-205-CRS-1**

**ADRIAN S. PERKINS**                                 **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a *pro se* motion for compassionate release/home confinement due to COVID-19 filed by Defendant Adrian S. Perkins (DN 57). In the motion, Defendant states that there have been many cases of COVID-19 at the Lexington Federal Medical Center where he is incarcerated. He states that he suffers from high blood pressure, a constant rash, and sleep apnea. He also asks to be sent to home confinement.[1]

Section § 3582(c)(1)(A) of Title 18 of the U.S. Code, as amended by the First Step Act, allows a defendant to make a direct request to the court for compassionate release after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"

Defendant does not indicate that he made a request to the warden for compassionate release. Therefore, Defendant did not comply with the statutory requirements, and the motion as it pertains to compassionate release must be denied for failure to exhaust at this time. *United States v. Alam*, No. 20-1298, 2020 WL 2845694, at *5 (6th Cir. June 2, 2020) (approving dismissal without prejudice where prisoner did not exhaust his administrative remedies before filing a motion for release based on COVID-19); *United States v. Raia*, 954 F.3d 594, 597 (3d

---

[1] The Court notes that, since filing his motion, Defendant has filed two letters in support of his motion (DNs 59 and 60), and Defendant's parents also have filed a letter in support of Defendant's motion (DN 58).

Cir. 2020) (concluding, in denying motion for compassionate release based on COVID-19, that "[g]iven BOP's shared desire for a safe and healthy prison environment . . . strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance"); *United States v. Woodson*, No. 18-cr-845 (PKC), 2020 WL 1673253, at *4 (S.D.N.Y. Apr. 6, 2020) (denying motion for compassionate release based on COVID-19 where 30 days had not elapsed from the defendant's request to warden).

The home-confinement statutes, 18 U.S.C. § 3624(c) and 34 U.S.C. § 60541(g), do not contain any provision for judicial review. Thus, Defendant's motion as it pertains to home confinement must be dismissed for lack of jurisdiction. *See United States v. Garza*, No. 18-CR-1745-BAS, 2020 WL 1485782, at *1 (S.D. Cal. Mar. 27, 2020) (in case in which inmate invoked COVID-19 as reason for home confinement, the district court recognized that "the Court lacks authority to designate home confinement"); *see also United States v. Carter*, No. 1:18-cr-86-JMS, 2020 WL 1808288, at *2 (S.D. Ind. Apr. 9, 2020) (citing *Garza* in denying inmate's request to serve his sentence on home confinement because inmate had "not established that the Court has the power to grant him the relief he seeks"); *United States v. Brown*, No. RDB-16-cr-00553, 2020 WL 1479129, at *1 (D. Md. Mar. 26, 2020) (denying a motion for home confinement filed by a prisoner citing concerns over COVID-19 because "[i]t is inherently the authority of the Bureau of Prisons to transfer an inmate to home confinement, pursuant to 18 U.S.C. § 3624(c)").

A prisoner may seek review of the BOP's decision regarding home confinement by filing a habeas petition pursuant to 28 U.S.C. § 2241. *United States v. Ralston*, No. 3:13-CR-105-CRS, 2020 WL 2600976, at *1 (W.D. Ky. May 21, 2020). However, the proper venue for a § 2241 petition is in the judicial district where the prisoner is confined or his custodian is located.

*Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495-96 (1973); *Roman v. Ashcroft*, 340 F.3d 314, 318-20 (6th Cir. 2003); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) (holding that, as a general rule, jurisdiction for a § 2241 petition "lies in only one district: the district of confinement").

Accordingly,

**IT IS ORDERED** that the motion for compassionate release (DN 57) is **DENIED without prejudice**.  The Court will expedite any subsequent motion filed after Defendant meets the requirements under 18 U.S.C. § 3582(c)(1)(A).

**IT IS FURTHER ORDERED** that the motion for home confinement (DN 57) is **DENIED**.

Date: June 18, 2020

                                                      **Charles R. Simpson III, Senior Judge**
                                                      **United States District Court**

cc:    Defendant, *pro se*
       U.S. Attorney
4411.009